NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 05-6349

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Eastern District of Kentucky
FILED
JAN 19 2007
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

JAN 17 2007
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff-Appellee, | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| v. | ) THE EASTERN DISTRICT OF |
| | ) KENTUCKY |
| JESUS ANTONIO HERNANDEZ, | ) |
| Defendant-Appellant. | ) |

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

Before: DAUGHTREY, GIBBONS, Circuit Judges; and EDMUNDS, District Judge[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant Jesus Antonio Hernandez appeals his sentence of 327 months for money-laundering conspiracy and engaging in a continuing criminal enterprise. Hernandez asserts that the district court's failure to state the reasons for his particular sentence in open court was plain error in violation of 18 U.S.C. § 3553(c) and that his case should be remanded for resentencing. Further, Hernandez argues that he entered into an involuntary plea agreement on the basis of promises made by the prosecutor that were never fulfilled, and as a result he should be allowed to withdraw his guilty plea. Because the district court's failure to comply with § 3553(c) did not affect Hernandez's substantial rights and therefore is not plain error, and because his plea withdrawal argument fails, we affirm the judgment of the district court.

---

[*]The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

I.

Hernandez was the leader of a drug ring that transported substantial quantities of marijuana and money between Arizona and eastern Kentucky. According to both Hernandez's plea and the Presentence Report (PSR), members of the organization hid stacks of U.S. currency, packaged in shrink-wrap, in the headliners of their vehicles. These vehicles were then driven to Arizona, where Hernandez took possession of the money and loaded the vehicles with marijuana for return to Kentucky. Various drivers transported the drugs over the years, but all were paid by Hernandez for their services. Hernandez directed more than ten trips between Arizona and Kentucky over the course of seven years, with each trip involving substantial quantities of marijuana. The PSR estimated the total amount of marijuana attributable to Hernandez to be approximately 15,000 pounds, and calculated the total amount of money transported between Arizona and Kentucky to be roughly $1,500,000. Hernandez directed at least five people in the conspiracy.

In mid-2003, DEA agents became aware of the distribution organization involving Hernandez and his co-conspirators. Following the arrest and interrogation of several of his co-conspirators, on April 21, 2004, Hernandez was charged along with a co-defendant in a two-count indictment with drug conspiracy in violation of 21 U.S.C. § 846. Superseding indictments included additional charges. The final Superseding Indictment was filed on August 26, 2004, and charged Hernandez with involvement in a continuing criminal enterprise in violation of 21 U.S.C. § 848 and with a money-laundering conspiracy in violation of 18 U.S.C. § 1956(h). Pursuant to a written plea agreement, Hernandez pled guilty to violations of 21 U.S.C. § 848 and 18 U.S.C. § 1956(h) on March 23, 2005.

2

The court went over the plea agreement with Hernandez in detail at his plea hearing and emphasized the implications of his guilty plea. Hernandez agreed with all the facts as they appeared in the agreement and stated that he understood the consequences of his plea. The court found that Hernandez was fully capable and competent of making an informed plea and that his plea was made knowingly and voluntarily.

The PSR calculated Hernandez's total offense level to be 37. This reflected 38 points for a quantity of greater than 3,000 kilograms but less than 10,000 kilograms of marijuana, an additional 2 points because defendant was convicted under 18 U.S.C. § 1956, and a 3-point subtraction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Hernandez was previously convicted of various crimes, including misconduct involving a weapon, solicitation to unlawfully possess narcotic drugs, carrying a loaded firearm, and misconduct involving a weapon. These prior convictions resulted in a criminal history category of III. This, when coupled with his total offense level, resulted in a Guideline range of 262 to 327 months.

Hernandez was sentenced on August 11, 2005. The district court adopted the factual findings and Guideline applications in the PSR and agreed that the correct Guideline range was 262-327 months. Hernandez informed the court that he had reviewed the PSR with his lawyer and had no objections to it. Prior to sentencing, Hernandez's attorney offered only that Hernandez knew he was facing "a very, very long time" in jail, and asked for "the Court's mercy and discretion to give him the sentence at the lowest end, if at all possible." When given the opportunity to speak, Hernandez said only "I'm just sorry about it. I want to get it over with and do my time." After stating that it had "taken into account all of the factors articulated in Title 18, United States Code, Section

3

3553(a)," the district court sentenced Hernandez to a term of 327 months on Count One and a term of 240 months on Count Three,to be served concurrently, producing a total term of 327 months.

## II.

Because Hernandez did not object to his sentence, this court reviews the determination of the district court for plain error. *United States v. Aparco-Centeno*, 280 F.3d 1084, 1087 (6th Cir. 2002); Fed. R. Crim. P. 52(b). This court cannot correct that error unless it is "'plain' or 'clear' under current law and . . . affects substantial rights." *United States v. Page*, 232 F.3d 536, 543 (6th Cir. 2000) (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)). The defendant bears the burden of persuasion to demonstrate prejudice in the plain-error inquiry. *United States v. Newsom*, 452 F.3d 593, 604 (6th Cir. 2006). Whether the government's conduct violated its plea agreement with a defendant is reviewed *de novo*. *United States v. Barnes*, 278 F.3d 644, 646 (6th Cir. 2002).

## III.

Hernandez first argues that this case must be remanded for resentencing because the district court failed to give reasons for sentencing him at the highest end of the advisory Guideline range as required by 18 U.S.C. § 3553(c)(1). Section 3553(c), which *United States v. Booker*, 43 U.S. 220 (2005), left unimpaired, states:

> (c) Statement of reasons for imposing a sentence. The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence —
> (1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or
> (2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment . . . .

4

18 U.S.C. § 3553(c). The government argues that the district court did not commit error because it effectively complied with the requirements of § 3553(c), and even if the court did err, any such error did not affect Hernandez's substantial rights.

This court's plain error analysis consists of four distinct considerations. *United States v. Thomas*, 11 F.3d 620, 630 (6th Cir. 1993). To establish plain error, a defendant must show:

> (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings.

*United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998). Hernandez's Guideline range spanned 65 months (262-327), but the district court did not state in open court why it chose the particular sentence within the Guidelines that Hernandez received. Accordingly, it did not comply with the dictates of § 3553(c)(1) and therefore committed error. *See United States v. Lewis*, 424 F.3d 239, 246 (2d Cir. 2005) (finding that a sentence imposed without complying with the still-applicable post-*Booker* requirements of § 3553(c) constitutes error, even assuming its length is reasonable). In light of the clarity of the statute and the record, this error was "obvious or clear." *Koeberlein*, 161 F.3d at 949; *see also United States v. Gore*, 298 F.3d 322, 325 (5th Cir. 2002) (finding in 3553(c)(2) context that "[t]he text of the statute ('in open court') leaves no doubt that although it did issue written reasons, the district court committed error that is plain by failing to explain the reasons for the departure").

This court has mentioned the articulation requirement § 3553(c) on several occasions, but has not directly addressed whether the failure to comply with this section necessarily affects a defendant's substantial rights and therefore constitutes plain error. *See, e.g., United States v.*

5

*Jackson*, 408 F.3d 301, 305 (6th Cir. 2005) (mentioning the § 3553(c) requirement, but ultimately vacating and remanding for resentencing because the district court's minimal discussion rendered reasonableness review impossible).[1]

Other circuits that have addressed the issue provide some insight. In *United States v. Vences*, the Ninth Circuit, in *dictum*, found there was no plain error where a district court fails to articulate in open court the reasons for a departure. 169 F.3d 611, 613 (9th Cir. 1999). In *Vences*, the district court made no effort to explain the departure in open court as required by § 3553(c)(2) but did engage counsel in a discussion, and "the court's reasons were implicit in the colloquy the court had conducted with counsel." *Id.* The *Vences* court concluded that a remand for the sake of compliance with the technical dictates of § 3553(c) "would be a meaningless formality." *Id.* The Eighth Circuit has found that a district court's adoption of the PSR (which the district court did here) is sufficient to avoid plain error where that court has failed to follow the "open court" provision of § 3553(c). *United States v. Evans*, 272 F.3d 1069, 1089 (8th Cir. 2001). The Fifth Circuit arrived at a similar conclusion in *Gore*. 298 F.3d at 325 (finding in a Guidelines departure case that the "key aim of the articulation requirement [in § 3553(c)] is satisfied if an appeals court can review the reason for the departure."). The First Circuit has also explicitly relied on a district court's reference to the PSR as an indicator of sufficient specificity to allow appellate review. *United States v. Cruz*, 981 F.2d 613,

---

[1]Hernandez points to *Jackson* as evidence that this court considers failure to comply with § 3553(c) to be plain error. (Final Br. of Appellant at 7-8.) This is an oversimplification, however, as *Jackson* has little in common with this case. *Jackson* involved a downward departure from the Guidelines. Yet, the district court in *Jackson* "did not include any reference to the applicable Guidelines provisions or further explication of the reasons for the particular sentence imposed" and also failed to mention or consider § 3553(a). *Jackson*, 408 F.3d at 305.

617-18 (1st Cir. 1992) (finding reference to the PSR met the § 3553(c) requirements "by the narrowest margin").

Hernandez emphasizes the Second Circuit's holding in *Lewis*, where the court concluded that the district court's failure to state specific reasons for its sentencing decision satisfied the plain error analysis because only such a statement would allow the defendant "a platform upon which to build an argument that her sentence is unreasonable." 424 F.3d at 247. Hernandez's reliance on *Lewis* is misplaced, however, as that case is distinguishable. As an initial matter, *Lewis* dealt with § 3553(c)(2), which concerns a sentence that departs from the Guidelines range, while Hernandez was given a sentence within the Guidelines range. *See id.* at 243. The *Lewis* court also "slightly relaxed" the plain error review, as acknowledged by Hernandez. *Id.* at 248. Finally, the *Lewis* court concluded the district court had "stat[ed] no reasons at all" for its sentencing decision. *Id.* at 245. As discussed below, the district court in this case did articulate its reasoning by reference to the § 3553(a) factors.[2]

Here, the district court explicitly stated that it sentenced Hernandez only after "having taken into account all of the factors articulated in Title 18, United States Code, Section 3553(a)." The court also expressly adopted the PSR, which details how Hernandez coordinated and directed his employees in a drug trafficking conspiracy that spanned seven years, involved automatic weapons, numerous people, thousands of pounds of drugs, and millions of dollars. The court informed Hernandez that it would "have to look to a number of factors to determine the appropriate sentencing

---

[2] Hernandez argues that district court's "failure to state its reasons now prohibit this Court from being able to review the sentence for unreasonableness" but does not explicitly seek a review for reasonableness. (Final Br. of Appellant at 6; 8.)

7

guideline range in your case. I have to look at things like your role in the offense and your criminal history, just to name a couple." The district court invited any arguments Hernandez might have with respect to § 3553(a), but Hernandez's counsel stated only that Hernandez knew he was facing a long sentence and that he had "learned his lesson." When given the chance to speak, Hernandez said only "I'm just sorry about it. I want to get it over with and do my time." When asked if there was any legal reason the given sentence should not be imposed, Hernandez's counsel stated there was not. Although the district court did not say why it chose a sentence at the high end of the advisory range as opposed to a lower one, it gave a generalized picture of its reasoning.

Finally, Hernandez was the leader of a substantial drug trafficking ring that transported marijuana (with the aid of numerous employees and weapons) over a six to seven year period. His previous convictions also suggest a long-term lack of concern for compliance with the law. In light of the entire record, the court's failure to comply with § 3553(c) does not affect Hernandez's substantial rights. *Cf. United States v. Kingsley*, 241 F.3d 828, 836 (6th Cir. 2001) (finding that a sentencing court's failure to expressly explain its reasons for exacting a particular special condition of supervised release will be deemed harmless error if the supporting reasons are apparent on the overall record, and accordingly did not amount to plain error under § 3553(c)). The error here does not rise to the level of plain error.[3]

IV.

---

[3]Because we find that the district court's error did not affect Hernandez's substantial rights, we need not address whether the error "seriously affected the fairness, integrity or public reputation of the judicial proceedings," as is required under the fourth prong of the plain error analysis. *See Thomas*, 11 F.3d at 630.

8

Hernandez also asserts that he entered into an involuntary plea agreement on the basis of promises made by the prosecutor that were never fulfilled, and as a result he should be allowed to withdraw his guilty plea. As an initial matter, Hernandez's claim that the United States promised to have his related state court charges dismissed is moot, as the indictment pending against Hernandez in Ohio state court was dismissed on February 22, 2006, as acknowledged by Hernandez in his Final Reply Brief.

Hernandez also asserts, however, that "as part of the plea agreement, Mr. Hernandez agreed to provide substantial assistance to the government in exchange for the filing of a downward departure motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) by the government." This claim also fails. Hernandez knowingly pled guilty with the assistance of counsel. The agreement stated only that "If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States *will consider* filing a motion for a downward departure from the sentencing guidelines pursuant to 5K1.1 and 18 U.S.C. 3553(e) and applicable statutory minimum mandatory sentence. The decision to file a motion is *solely within the discretion of the United States.*" (emphasis added). The agreement clearly noted that it was "the complete and only Plea Agreement" between the parties, and that the "United States has not made any other promises to the Defendant." Further, Hernandez expressly told the district court that he had carefully reviewed the plea agreement with his lawyer, that he understood its terms and conditions, and that no one had made any further promises to him that were not embodied in the agreement.

Despite this, Hernandez contends that the United States promised to file a 5K1.1 motion if

9

he persuaded his family members to plead guilty and that this agreement was simply not memorialized in the plea agreement. The existence of a separate, unwritten plea agreement must be proven by clear and convincing evidence. *United States v. Herrera*, 928 F.2d 769, 773 (6th Cir. 1991). The only "evidence" provided by Hernandez is his argument that the government's offer to help get the state court claims dismissed was also not embodied in the plea agreement. This attenuated analogy alone does not rise to the level of clear and convincing evidence, and accordingly Hernandez's attempt to withdraw his plea on this basis fails as well.

V.

For the foregoing reasons, we affirm the judgment of the district court.