Eastern District of Kentucky
FILED
DEC 1 5 20..
AT LONDON
LESLIE G WH...
CLERK U S DIST...

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LONDON, KENTUCKY

| | | |
|---|---|---|
| **UNITED STATES,** | ) | Case No. 6:04-CR-00032-KKC |
| | ) | |
| **Plaintiff,** | ) | Judge Karen K. Caldwell |
| | ) | |
| v. | ) | |
| | ) | |
| **JESUS ANTONIO HERNANDEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR RESENTENCING OR ALTERNATIVELY FOR WITHDRAWAL OF GUILTY PLEA

Comes the Defendant, Jesus Antonio Hernandez, by and through undersigned counsel and respectfully requests this honorable Court for resentencing or, alternatively, that this honorable Court allow the Defendant to withdraw his guilty plea. As grounds for the Defendant's motion, it is stated as follows:

1. Pursuant to a written plea agreement, on March 23, 2005, the Defendant plead guilty to violations of 21 U.S.C. § 848 and 18 U.S.C. § 1956(h).

2. Subsequently, a Presentence Investigation Report (PSR) was prepared for purposes of sentencing which was scheduled for August 11, 2005.

3. The PSR calculated Hernandez's total offense level to be thirty-seven (37) and a criminal history category of III which resulted in a guideline range of imprisonment of 262 to 327 months.

4. Further, the PSR stated that "[t]he plea agreement has had no impact on the determination of the guideline range."

5. Counsel for the Defendant failed to object that the PSR pursuant to Fed. R. Crim. P. 32(f) despite having personal knowledge of a verbal agreement between the Defendant and the United States that his cooperation and his cooperation in helping to convince his mother, Anna Lilia Hernandez, and his brother, Marco A. Hernandez, to enter pleas of guilty would result in the United States recommending a twenty (20) year maximum sentence with a downward departure by the filing of a U.S.S.G. 5K1.1 motion.

6. Counsel for the Defendant failed to file any Sentencing Memorandum despite having personal knowledge that the United States had not filed a motion for a downward departure and that the Guideline Range contained in the PSR contained a potential sentence of twenty-seven years (27) imprisonment despite the verbal agreement between the Defendant and the United States.

7. On August 11, 2005, the Defendant was sentenced by the United States District Court for the Eastern District of Kentucky which adopted the factual findings and Guideline applications in the PSR and agreed that the Guideline range discussed above was correct.

8. Prior to sentencing, the Court invited arguments on behalf of the Defendant pursuant to § 3553(a). However, the Defendant's counsel merely offered that the Defendant knew that he was facing "a very, very long time" in prison and asked the Court for leniency, "if at all possible."

9. At that time, the Defendant was sentenced to a term of 327 months on Count One and a term of 240 months on Count Three, to be served concurrently, for a total term of imprisonment of 327 months.

10. Counsel for the Defendant did not object to the sentence imposed by the United States District Court for the Eastern District of Kentucky despite the fact that the sentence imposed upon the Defendant exceeded the recommended maximum sentence in the verbal agreement between the Defendant and the United States by over seven (7) years.

11. The above-stated acts and omissions by Defendant's counsel prior to, during, and subsequent to the Defendant's sentencing amounts to ineffective assistance of counsel and a violation of the rights guaranteed to the Defendant by the Sixth Amendment to the United States Constitution.

12. In *Wiggins v. Smith, 590 U.S. 510 (2003)*, the Petitioner was a state death row inmate who sought federal habeas corpus relief claiming ineffective assistance of counsel which was granted by the trial court and subsequently reversed by the United States Court of Appeals for the Fourth Circuit, holding that Petitioner's counsel had made a reasonable, strategic decision. The United States Supreme Court granted certiorari and heard the Petitioner's claims that his Sixth Amendment right to counsel was violated by counsel's failure to investigate the Petitioner's personal background and to present mitigating evidence during sentencing proceedings. The United States Supreme Court found that there was a reasonable probability that a competent attorney would have introduced these mitigating circumstances, which a proper investigation would have brought light to, and those mitigating circumstances "might well have influenced the jury's appraisal of [Petitioner's] moral culpability. *Id* at 538. The Court reversed the prior judgment and remanded the matter for proceedings consistent with its opinion.

13. Counsel for the Defendant had numerous opportunities to present the full agreement between the Defendant and the United States, but failed to do so other on one

occasion on the record which mentioned that part of the plea agreement included the dismissal of the drug charges currently pending against Mr. Hernandez in the Hamilton County, Ohio Court of Common Pleas. (R. 318, March 23, 2006 Plea Tr., at 19-20, Apx. Pg. 133-34).

14. Despite the numerous opportunities noted above, counsel for the Defendant never put the entire agreement between the Defendant and the United States, involving the Defendant's cooperation and substantial assistance in persuading his mother and brother to enter guilty pleas in the United States District Court for the Eastern District of Kentucky (Case Nos. 6:05-CR-00038 and 6:05-CR-00024), on the record in this matter.

15. Further, counsel for the Defendant did not object to the sentence of 327 months imprisonment despite having personal knowledge that the sentence imposed by the Court exceeded the Defendant's understanding of the agreement with the United States when he waived his constitutional rights against self-incrimination, trial by jury, and to confront one's accusers by pleading guilty in this matter.

**WHEREFORE**, the Defendant, Jesus Antonio Hernandez, respectfully prays for the relief requested hereinabove including any briefing schedule or oral argument deemed necessary and appropriate by the Court.

Respectfully submitted,

BULLOCK & COFFMAN, LLP

_/s/ Michael T. Butler_
Michael T. Butler
(KBA #: 87988)
101 St. Clair Street
Frankfort, Kentucky 40601
(502) 226-6500

# CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was duly served on the following persons via U.S. mail postage pre-paid on this 16th day of December, 2011:

Hon. Jerry J. Cox
Cox & Fish, LLC
115 Richmond Street
P.O. Box 1350
Mt. Vernon, Kentucky 40456

Hon. Paul K. Croley, II
Croley & Associates
400 S. Main Street
P.O. Box 5141
London, Kentucky 40745-5141

Hon. Candace C. Crouse
Strauss & Troy – Cincinnati
150 E. Fourth Street
Federal Reserve Building, Fourth Floor
Cincinnati, Ohio 45202-4018

Hon. David S. Hoskins
P.O. Box 1185
Corbin, Kentucky 40702-1185

Hon. David Y. Olinger, Jr.
U.S. Attorney's Office, EDKY
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612

Hon. Martin S. Pinales
Strauss & Troy – Cincinnati
150 E. Fourth Street
Federal Reserve Building, Fourth Floor
Cincinnati, Ohio 45202-4018

Hon. Brandon J. Storm
311 W. Fourth Street
London, Kentucky 40741

Hon. Roger West
U.S. Attorney's Office, EDKY
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612

_____
Michael T. Butler (KBA #: 87988)