UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:04-CR-32-KKC

UNITED STATES OF AMERICA,                                          PLAINTIFF.

v.                                    **OPINION AND ORDER**

JESUS ANTONIO HERNANDEZ,                                    DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Defendant's Motion for Resentencing or Alternatively for Withdrawal of Guilty Plea (DE 398). For the following reasons, the motion must be denied.

In his motion, the Defendant argues that he should be resentenced or permitted to withdraw his guilty plea. He asserts that, prior to his sentencing, his trial counsel failed to inform the Court of an alleged oral agreement between him and the United States that the United States would recommend that the Defendant receive a maximum sentence of 240 months in return for his cooperation. On August 15, 2005, the Defendant was sentenced by this Court to 327 months in prison. (DE 312.)

This Court has no jurisdiction to resentence the Defendant. Under 18 U.S.C. § 3582(c), a trial court cannot modify a sentence once it has been imposed except 1) on motion by the Director of the Bureau of Prisons; 2) as permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or 3) where the defendant was sentenced based on a sentencing range that has subsequently been lowered. 18 U.S.C. § 3582(c).

None of these factors is applicable here. Rule 35(a) provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Court sentenced the Defendant on August 15, 2005. (DE 312.) This motion was not filed until December 24, 2011. Accordingly, the Court has no jurisdiction to resentence the Defendant under Rule 35(a). *See United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011); *United States v. Benjamin*, No. 97-2147, 1999 WL 685924, at * 4 (6th Cir. 1999).

Rule 35(b)(2) provides that, under certain circumstances, this Court may resentence a defendant more than a year after sentencing if the defendant has provided substantial assistance but only upon the government's motion. The government has made no motion in this case. Further, the Defendant does not argue that he meets the requirements of Rule 35(b)(2).

Likewise, this Court has no jurisdiction to permit the Defendant to withdraw his guilty plea. Pursuant to Federal Rule of Criminal Procedure 11(e), after the court imposes sentence, the defendant cannot withdraw a guilty plea and the plea can be set aside only on direct appeal or collateral attack. *See Benjamin*, 1999 WL 685924, at * 4.

The Defendant is essentially arguing that his trial counsel was ineffective. Such a claim should be raised in a postconviction proceeding brought pursuant to 28 U.S.C. § 2255. *United States v.* Gardner, 417 F.3d 541, 545 (6th Cir. 2005); *United States v. Long*, 190 F.3d 471, 478 (6th Cir.1999). Any motion by the Defendant for relief under § 2255, however, would appear to be barred under that statute's one-year limitations period absent some reason that equitable tolling should apply. 28 U.S.C. § 2255(f). The Court makes no ruling on that

2

issue now.

For all these reasons, the Court hereby ORDERS that the Defendant's Motion for Resentencing or Alternatively for Withdrawal of Guilty Plea (DE 398) is DENIED.

Dated this 13th day of August, 2012.

Signed By:

*Karen K. Caldwell*

**United States District Judge**