Jesus Antonio Hernandez
Reg. No. 08996-032
FCC-Yazoo City Medium
P.O. Box 5888
Yazoo City, MS 39194-5888

IN PRO PER

Eastern District of Kentucky
F I L E D

NOV 03 2014

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JESUS ANTONIO HERNANDEZ, | § | |
| Petitioner, | § | CASE NO. **6:04-CR-32-1** |
| v. | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO *18 U.S.C. § 3582(c)(2)* AND IN CONJUNCTION WITH THE MINUS TWO AMENDMENT 782

**COMES NOW**, Petitioner, Jesus Antonio Hernandez, acting in pro per, respectfully submits this Motion For A Reduction Of Sentence, pursuant to *18 U.S.C. § 3582(c)(2)* and in conjunction with the NEW MINUS TWO AMENDMENT 782 that goes into effect on November 1, 2014 after going retroactive on July 18, 2014. Petitioner further prays that this Court construe this pleading liberally in light of ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), holding that, "pro se litigants are to be held to a lesser standard of review than lawyers who are formerly trained in the law, and are entitled to a liberal construction of their pleadings."

1

## FACTS

Petitioner is currently incarcerated at the Federal Correctional Complex-Yazoo City Medium in Yazoo City, Mississippi. Petitioner is currently serving a **327** month term of imprisonment with the Bureau of Prisons. Petitioner has been incarcerated since April 2, 2004, with a tentative release date of June 19, 2028. Upon release from this facility, Petitioner has an intense Supervised Release (PROBATION) of 60 (sixty) months to serve.

Petitioner was convicted of Conspiracy To Commit Money Laundering, in violation of 18 U.S.C. § 1956(h); and Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848.

Petitioner's original totalOffense Level at sentencing was **37** with a Criminal History Category of **III**. (Petitioner received a three (3) level reduction for Acceptance Of Responsibility from a totalOffense Level of 40 to 37).

The District Court made two determinations in deciding whether or not to modify a sentence under *18 U.S.C. § 3582(c)(2)*. Under the first step, the sentencing court considers what sentence it would have imposed had the retroactive amendment been in effect at the time the Petitioner was sentenced. [*U.S.S.G. § 1B1.10(b)*]. The district court determines what sentence it would have imposed had the new sentencing range at the time of the retroactive amendment, been the range at the time of Petitioner's original sentencing, leaving untouched all other previous factual decisions concerning particularized sentencing factors. [See ***U.S. v. Wyatt***, 115 F.3d 606, 609 (8th Cir. 1997)]. Such factors include, inter alia, role in the offense, obstruction of justice, victim adjustments, more than minimal planning and acceptance of responsibility.

In this particular case, Petitioner's NEW TOTAL OFFENSE LEVEL would be **35**, Criminal History Category **III**. Accordingly, the district court should simply determine the guideline range that would have been in effect *ab initio*. Here, the relevant Guideline Range

2

would be **210 -to- 262** months, as opposed to the previous Guideline Range of **262 -to- 327** month term of imprisonment.

Having established the applicable Amendment Guideline Range, the court next considers the factors contained in *18 U.S.C. § 3553(a)* and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed. [*Wyatt*, 115 F.3d at 609; *18 U.S.C. § 3582(c)(2)*]. The factors set forth in *§ 3553(a)* are the following: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kind of sentences available; 4) the applicable sentencing range under the guidelines; 5) any pertinent Sentencing Commission Policy Statements; 6) the need to avoid unwarranted sentencing disparities among defendants; and 7) the need to provide restitution to victims. [*18 U.S.C. § 3553(a)*]. Put more succinctly, the statute requires the sentence imposed to be minimally sufficient to satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation.

In conclusion, pursuant to the Minus Two Amendment 782 to the U.S. Sentencing Guidelines, which was made retroactive and set forth on July 18, 2014, and goes into effect on November 1, 2014, Petitioner respectfully requests that this Court GRANT this Motion For A Reduction Of Sentence, pursuant to *18 U.S.C. § 3582(c)(2)*.

Furthermore, pursuant to the RECENT RULING in the SUPREME COURT, in *Pepper v. U.S.*, S.Ct. No. 09-6822, and in conjunction with the *18 U.S.C. § 3553(a)*, factors that Congress has now instructed: evidence of post-sentencing rehabilitation may be highly relevant to several of the *§ 3553(a)* factors that Congress has expressly instructed District Courts to consider at sentencing and/or at resentencing.

3

**THEREFORE**, Petitioner has attached his COMPLETIONS/CERTIFICATES, etc., of all his programming, schooling, employment, Program Review, as well as all completion hours, etc., showing his exemplary post-sentencing conduct that may be taken into consideration as the most accurate indicator of "his present purposes and tendencies to change/rehabilitate and to significantly suggest the period of restraint and the kind of discipline that ought to be imposed upon him." [See **EXHIBIT ONE - Petitioner's Schooling/Programming/Church, Work/ Employment, etc.**; see also *Ashe*, 302 U.S. at 55]. Petitioner has also been an exemplary inmate to Staff and to other inmates.

Accordingly, evidence of Petitioner's post-sentencing rehabilitation bears directly on the District Court's overarching duty to impose a sentence sufficient, but not greater than necessary to serve purposes of sentencing, in which, the Court may deem just and proper in GRANTING more relief. [*18 U.S.C. § 3553(a)*].

President Obama has also commented on, "if they (drug offenders), had been sentenced under the current law, many of them would have already served their time and paid their debt to society. Instead, because of the disparity in the law, that is now recognized as UNJUST, they remain in prison separated from their families and their communities, at a cost of millions of taxpayer dollars each year." [See New York Times Article, "A Little Christmas Miracle."]

## CLOSING

At Petitioner's original sentencing, Petitioner was sentenced to the HIGH END of the GUIDELINE RANGE, or **327** months. Based on Petitioner's programming, post-sentencing rehabilitation, conduct in prison, the length of time Petitioner has already served incarcerated of over ten years, and the recent debates in CONGRESS on PRISON REFORM, where tax payers are spending millions of dollars to house non-violent offenders, Petitioner would respectfully request that this Court GRANT the LOW END of the NEW Guideline Range, or **210** months, and any other relief that this Court deems just and proper when entering in a NEW Judgment and Commitment Order.

**THEREFORE**, based on the foregoing arguments and authorities, Petitioner is warranted relief, in good faith and in good cause, all in the interest of justice and pursuant to *18 U.S.C. § 3582(c)(2)* (holding that the statute GRANTS DISCRETION to a District Court to REDUCE the TERM of IMPRISONMENT of a DEFENDANT sentenced to "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.")

**RESPECTFULLY SUBMITTED** on this __1__ day of __November__, 2014.

*Jesus A Hernandez*
Jesus Antonio Hernandez
Petitioner/IN PRO PER/AFFIANT

# CERTIFICATE OF SERVICE

I, Jesus Antonio Hernandez, hereby certify that I have served a true and correct copy of the following:

§ 3582(c)(2) Petition

This ACTION is deemed filed at the time it was delivered to prison authorities for forwarding, [see **_Houston v. Lack_**, 101 L.Ed.2d 245 (1988)], upon the defendant(s) or plaintiff(s) and/or their attorney(s) of record, by placing said MOTION/PETITION(s) in a sealed, postage pre-paid envelope addressed to:

| | |
|---|---|
| U.S. District Court | U.S. Attorney's Office |
| U.S. Courthouse-London Division | Department of Justice |
| Clerk of the Court | U.S. Courthouse-London Division |
| Eastern District of Kentucky | Eastern District of Kentucky |
| 310 S. Main St, 1st Floor | 260 W. Vine St. Suite 300 |
| London, KY 40741 | Lexington, KY 40507-1612 |

This LEGAL ACTION was deposited in the United States Mail at the FCC-Yazoo City Legal Mail Room, located in Yazoo City, Mississippi. **I declare, under penalty of perjury, that the foregoing is true and correct, pursuant to _28 U.S.C. § 1746_.**

EXECUTED and SIGNED on this _1_ day of _November_, 2014.

_Jesus A Hernandez_
Jesus Antonio Hernandez
Petitioner/IN PRO PER
Reg. No. 08996-032
Federal Correction Complex - med
P.O Box 5888
Yazoo City  MS  39194