UNITED STATES DISTIRCT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 5:04-CR-00032-SSS-KKC-EBA
CIVIL ACTION NO.  16-CV-00136

UNITED STATES OF AMERICA                                              PLAINTIFF


V.                    ANSWER TO MOTION TO VACATE


JESUS ANTONIO HERNANDEZ                                              DEFENDANT

\* \* \* \* \*


   Comes the United States, by counsel, and hereby submits the following Answer to Jesus Antonio Hernandez's Motion to Vacate under 28 U.S.C. § 2255.  [R. 440, Motion to Vacate].  This Court directed that the United States file a comprehensive Answer to the Motion to Vacate.  First and foremost, the United States submits that the Motion to Vacate is procedurally prohibited as being well past the time limitation to file such a Motion.  Said Motion is required to be filed within one year following conviction.  No exceptional circumstances exist to extend or waive the one-year limitation.  Further, the arguments presented by the Defendant do not merit setting aside his valid guilty plea to the charges and likewise do not merit setting aside his sentence.

**PROCEDURAL HISTORY**

Jesus Antonio Hernandez filed a Motion to Vacate under 28 U.S.C. § 2255 on July 5, 2016. [R. 440: Motion to Vacate.] This Motion was filed almost 12 years after final sentencing took place. Hernandez claims that: (1) The sentence and conviction was imposed as a result of a constructive denial of counsel during the process. More specifically he claims that, "[h]e does not understand the English language," and that his counsel failed to hold the Governments to its burden on the Money Laundering conviction; (2) the sentence and conviction in this case was imposed in violation of the due process clause of the constitution and laws of the United States based on a conviction for conduct that was non-criminal; and, (3) that his conviction for conspiring under Title 18 U.S.C. § 1956 should be vacated based upon the Supreme Court's decision in Johnson. (The United States assumes this reference to be, *Johnson v. United States*, 135 S.Ct. 2551 (2015).

Hernandez was indicted on August 24, 2004, in a third superseding indictment, for several offenses including Engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h), and Criminal Forfeiture under 21 U.S.C. § 853 (R. 129). On March 23, 2005, Hernandez entered a guilty plea to the aforementioned three charges. (R. 236).

On August 11, 2005, at the final sentencing hearing, Hernandez was sentenced to 327 months for Engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C.

§ 848 and 240 months on Conspiracy to Commit Money Laundering offenses to be served concurrently for a total of 327 months.  (R. 319)

Hernandez appealed his sentence to the Sixth Circuit Court of Appeals which affirmed the sentence on January 17, 2007.  (R. 378).  The Court of Appeals found the facts as follows:

> Hernandez was the leader of a drug ring that transported substantial quantities of marijuana and money between Arizona and eastern Kentucky.  According to both Hernandez's plea and the Presentence report (PSR), members of the organization hid stacks of U.S. currency, packaged in shrink-wrap, in the headliners of their vehicles.  These vehicles were then driven to Arizona, where Hernandez took possession of the money and loaded the vehicles with marijuana for return to Kentucky.  Various drivers transported the drugs over the years, but all were paid by Hernandez for their services.  Hernandez directed more than ten trips between Arizona and Kentucky over the course of seven years, with each trip involving substantial quantities of marijuana.  The PSR estimated the total amount of marijuana attributable to Hernandez to be approximately 15,000 pounds, and calculated the total amount of money transported between Arizona and Kentucky to be roughly $1,500,000.  Hernandez directed at least five people in the conspiracy.  (R. 378, page 2).

On December 19, 2011, Hernandez filed his first post-conviction Motion.  (R. 395, Motion for Resentencing or Alternatively Motion to Withdraw Plea of Guilty).  That Motion was denied on August 13, 2013.  (R. 399, Order Denying Motion to Reduce Sentence).  Thereafter, Hernandez filed a Pro Se Motion to Reduce Sentence.  (R. 416).  It was also denied on May 13, 2015.  (R. 425, Opinion and Order).  Hernandez appealed that Order to the Sixth Circuit Court of Appeals.  (R. 427, Notice of Appeal).  That appeal was denied on December 1, 2015.  (R. 437, Information Copy of Judgment of USCA).

## STANDARD FOR RELIEF UNDER 28 U.S.C. § 2255

To prevail on a § 2255 Motion, a Defendant must establish: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). The statute of limitations for a motion to vacate under 28 U.S.C. § 2255 is one year from the latest of: "(1) The date on which the judgment of conviction becomes final . . . or, (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f) (2008).

## ARGUMENT

Hernandez is not entitled to have his sentence vacated because his Motion under 28 U.S.C. § 2255 is untimely by almost a decade from the time the Court of Appeals ruled on January 17, 2007. The Motion is severely untimely as it was not filed within one year of the date on which the judgment of conviction was final. Hernandez does not argue any new facts or newly discovered facts to support his ineffective assistance of counsel claim in his Motion to Vacate. Further, Hernandez has failed to establish he is entitled to equitable tolling.

Hernandez, weakly and without foundation, attempts to argue that *Johnson v. United States*, 135 S.Ct.2551 (2015), applies to his case and that the ruling in *Johnson* extended the one-year statute of limitation to Hernandez's Motion to Vacate. The United

4

States submits that *Johnson* is completely inapplicable to this case and does not extend the one-year statute of limitation under these circumstances. *Johnson* does not provide Hernandez any relief.

Furthermore, even assuming that Hernandez's Motion to Vacate is timely, he fails to demonstrate he is entitled to relief under 28 U.S.C. § 2255 because he failed to establish ineffective assistance of counsel and is not entitled to an evidentiary hearing. Thus, Hernandez's Motion to Vacate should be dismissed since the Motion was filed well beyond the one-year period of limitation in 28 U.S.C. § 2255(f); or, in the alternative, the Motion to Vacate should be denied because Defendant has failed to prove any error of constitutional magnitude or error law or fact that would undermine the outcome of the proceeding.

## I.     Timeliness of Motion under § 2255.

Hernandez's Motion to Vacate pursuant to 28 U.S.C. § 2255 is not timely because it was filed outside the one-year statute of limitation and Hernandez has not demonstrated that he is entitled to equitable tolling. 28 U.S.C. § 2255(f). *E.g. Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 462 (6th Cir. 2012).

### A. A 28 U.S.C. § 2255 Claim Filed Later than One-Year from Final Judgment of Conviction is invalid on its face.

28 U.S.C. § 2255(f) limits claims for relief that are not filed within one-year of the latest date of a few scenarios, one being the time in which the judgment of conviction becomes final. Notwithstanding certain exceptions, "a judgment of conviction that includes such a sentence [of imprisonment] constitutes a final judgment for all other

5

purposes." 18 U.S.C. § 3582(b) (2002). In fact, the United States Supreme Court explained that, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212-13 (1937).

In this case, Hernandez's initial sentence was appealed to the Sixth Circuit Court of Appeals. The sentence was affirmed and entered by the Court of Appeals on January 19, 2007. (R. 378, Information Copy of Order). For the purposes of this Answer only, the United States will concede that the one-year statute of limitations element began in January 2007. Hernandez's § 2255 Motion was filed on July 5, 2016, over nine years after his judgment of conviction became final before the Court of Appeals. [*See id.*; R. 440: Motion to Vacate]. It is logically impossible that his filing could be deemed timely. Hernandez has failed to file his § 2255 within the one-year limitation period and his claim is barred.

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Thus, *res judicata* precludes the assertion by such parties of any legal theory, cause of action, or defense, which could have been asserted in a previous legal action. "In short, parties 'may not re-litigate any ground for relief which they already have had an opportunity to litigate-even if they chose not to exploit that opportunity' in the prior suit." *Rodriguez v. United States Citizenship & Immigration Serv.*, 605 F.Supp.2d 142, 147 (D. D.C. 2009) (citing *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)).

6

    B. **Limitation Period for Ineffective Assistance of Counsel Claim Began to Run on Date when the Facts Supporting the Claim Presented Could Have Been Discovered Through the Exercise of Due Diligence.**

The start date for the running of the statute of limitations for the ineffective assistance of counsel claim will start on the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). Hernandez's Motion to Vacate arguments relate to the guilty plea and the sentencing. [*See* R. 440, Motion to Vacate]. Hernandez's unsupported claims that he did not understand English and that his attorney did nor argue enough for him at sentencing were known at the conclusion of those proceedings. Failure to bring those arguments forth for approximately 9 years is not reasonable. Indeed, is difficult to fathom a scenario where through due diligence he would have only discovered the facts supporting his ineffective assistance of counsel claims within the past year.

In fact, Hernandez filed several post-conviction pro se motions to reduce his sentence. On December 19, 2011, Hernandez filed his first post-conviction Motion. (R. 395, Motion for Resentencing or Alternatively Motion to Withdraw Plea of Guilty). That Motion was denied on August 13, 2013. (R. 399, Order Denying Motion to Reduce Sentence). Thereafter, Hernandez filed a Pro Se Motion to Reduce Sentence. (R. 416). It was also denied on May 13, 2015. (R. 425, Opinion and Order.) There is not a reasonable explanation for not filing the Motion to Vacate for the last nine years. Thus, Hernandez's Motion to Vacate remains untimely and barred.

### C. Hernandez has not Demonstrated Entitlement to Equitable Tolling.

The one-year statute of limitations may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Equitable tolling should be granted sparingly and the petitioner bears the ultimate burden of proving that they are entitled to equitable tolling. *E.g. Keeling,* 673 F.3d at 462. To demonstrate that they are entitled to equitable tolling, a habeas petitioner must prove: "(1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks and citations omitted).

In this case, Hernandez has failed to demonstrate that he has diligently pursued his § 2255 rights or some extraordinary circumstance prevented him from filing the Motion to Vacate within the last 9 years. Thus, no evidence exists to suggest that extraordinary circumstances prevented Hernandez from filing his § 2255 Motion in a timely manner.

### D. *Johnson v. United States* is inapplicable.

In summary, *Johnson* held that the 'residual clause' portion of the definition of "violent felony" in the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(c)(2)(B)(ii) is unconstitutionally vague. In summary argumentative form, *Johnson* and its progeny are not applicable to convictions for Engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848 or Conspiracy to Commit Money Laundering offenses in violation of 18 U.S.C. § 1956(h). Hernandez's argument to the contrary is without merit.

## II. Hernandez Failed to Prove Ineffective Assistance of Counsel.

Hernandez claims that, "[h]e does not understand the English language," and that his counsel failed to hold the Governments to its burden on the Money Laundering conviction which Hernandez argues is not criminal for his conduct.

The transcript of the Re-arraignment is in contrast to Hernandez's claim:

> Q: Can you read and write and understand English?
> A: I can read it and write a little bit, but sometimes I don't know how to write it more. I understand it more.
> Q: You understand? So you understand what I am saying to you here?
> A: Yes, yes.
> Q: And you speak English well enough to confer with your counsel?
> A: Yes.

(Transcript Rearraignment Hearing, R. 38, p 4).

Hernandez's claim of not understanding English is deliberately false.

The transcript of the Re-arraignment also undermines Hernandez's claim that his conduct did not amount to criminal conduct as to Money Laundering:

> Q: Now, between January 1996 and April 2004, did you organize a group of people to transport quantities of marijuana from Tucson, Arizona to the Eastern District of Kentucky?
> A: Yes.
> Q: And did different people transport some of those quantities of marijuana from Arizona into Kentucky?
> A: Yes.
> Q: And then did you receive certain quantities of cash, that being United States currency, that were proceeds of marijuana that you had had delivered into Kentucky from Arizona?
> A: Yes.
> Q: Was that money transported back to you by vehicle and concealed inside the various compartment of motor vehicles?
> A: Yes

9

> Q: And over that period of time there was a number of trips that were made, were there not?
> A: Yes

(Id. at 11).

In comparing the criminal conduct admitted by Hernandez above with the factual statements in the Plea Agreement (Plea Agreement, R. 236, pages 2 – 4), the conduct of Hernandez met the elements of 18 U.S.C. § 1956(h) as listed in the Indictment (Indictment, R. 129, p 3) and the elements listed in the Plea Agreement under Count 3 (Plea Agreement, R. 236, pages 2 – 4), Hernandez's argument to the contrary are not supported by the record.

In order to demonstrate ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that he was prejudiced as a result of the deficient performance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1987). To prove deficient performance, a defendant must identify specific acts or omissions that reveal that counsel did not provide "reasonably effective assistance." *Id.* "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would have won . . . [T]he threshold issue is not whether [counsel] was inadequate; rather, it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Marrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis in original; internal citation omitted). Finally, counsel is presumed to have provided effective assistance and judicial

10

scrutiny of counsel's performance must be highly deferential. *Strickland*, 446 U.S. at 689.

Next, to prove prejudice, a defendant must demonstrate that "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Id.* at 684. *See also Williams v. Taylor*, 529 U.S. 362, 391 (2000) (defining "reasonable probability" [as] a probability sufficient to undermine confidence in the outcome."). If the defendant pleaded guilty, he cannot establish prejudice unless he proves that, but for counsel's deficient advice, he would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Furthermore, the decision to plead guilty is a decision that only the defendant can make. First, "the decision to plead guilty – first, last, and always – rests with the defendant, not his lawyer . . . the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction." *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003). Additionally, "waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what the court's judgment might be on given facts." *McMann v. Richardson*, 397 U.S. 759, 770 (1970).

Initially, Hernandez has failed to demonstrate deficient performance on the part of his counsel because Hernandez admitted on the record factual statements that he engaged with other individuals to conceal and transport drug proceeds in excess of $10,000 across state lines. Hernandez failed to establish that any actions of his attorney were deficient

11

based on a professional standard and does not allege any factual material that overcomes the strong presumption that his counsel was effective. Furthermore, there is no proof that counsel's representation was "so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *Marrow*, 977 F.2d at 229. In this case, there was sufficient evidence to lead a reasonable attorney to the professional belief that it was in his client's best interest to enter a guilty plea.

Additionally, even if Hernandez could prove that his attorney's performance was deficient, he cannot establish that counsel's performance was prejudicial. The ultimate decision as to whether or not to enter a guilty plea is the Defendant's alone. *Smith*, 348 F.3d at 552. Even in light of counsel's allegedly deficient legal advice, Hernandez cannot establish that he would not have pleaded guilty. There was sufficient evidence on the record to suggest that he was guilty of engaging a Money Laundering Conspiracy.

Furthermore, Hernandez was made aware of the elements of the crime and the potential consequences of a guilty plea when he knowingly and voluntarily entered a guilty plea at arraignment. (Transcript Rearraignment Hearing, R. 38). Hernandez did not ask questions and informed this Court that he understood the crimes with which he was being charged and was aware of the effect of a guilty plea. [*See Id.*]. In this Motion, Hernandez is attempting to do exactly what *Strickland* prohibits, re-litigate his case and second guess the strategic calculations of his attorney and himself by entering guilty pleas. *Strickland*, 466 U.S. at 689.

Ultimately, Hernandez has failed to meet the high standard from *Strickland* and other authorities to demonstrate that but for counsel's alleged defective performance; he would not have entered a guilty plea. As such, Hernandez s Motion to Vacate should be denied.

### III. Hernandez is not Entitled to an Evidentiary Hearing.

In this case a credibility assessment, or further factual development, is not necessary to demonstrate that Hernandez's § 2255 Motion is untimely or to prove that defense counsel was ineffective. Thus, Hernandez is not entitled to an evidentiary hearing.

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that [a] . . . hearing is warranted." *Moreno Morales v. United States*, 344 F.3d 140, 145 (1st Cir. 2003) (internal citations omitted). *Accord, Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). In fact, "[a]n evidentiary hearing is not necessary when a § 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." *Moreno-Morales*, 344 F.3d at 145. *Accord Blanton*, 94 F.3d at 235. An evidentiary hearing can be granted when there are factual disputes, but not when a petitioner is entitled to no relief. *E.g.*, *Valentine v. United States*, 488 F.3d 325, 333-34 (6th Cir. 2007). *See also Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983).

In this case, Hernandez's § 2255 Motion is facially insufficient because it is untimely and fails to prove a claim of ineffective assistance of counsel. First, Hernandez has filed the instant Motion over nine years after a final judgment of conviction was entered in this case. Additionally, Hernandez's failure to file this Motion to Vacate sooner and file a timely appeal, as he was filing duplicitous motions to reduce sentence, demonstrate a failure to pursue his rights diligently and prove that there was no hindrance to his filing his Motion in a timely manner. [R.88: Motion; R. 91 Motion; R. 94 Motion]. Thus, the Motion before this Court is untimely pursuant to 28 U.S.C. § 2255(f) and should be dismissed.

Even if the Motion is timely, Hernandez is still entitled to no relief because he has failed to meet the two-prong standard of deficiency and prejudice under *Strickland*. *See Strickland*, 466 U.S. at 687. Hernandez has failed to overcome the strong presumption that his counsel was effective and has demonstrated no prejudice. *See Id.*

Therefore, Hernandez is not entitled to an evidentiary hearing because his § 2255 Motion is clearly untimely, he is not entitled to equitable tolling, and has failed to demonstrate ineffective assistance of counsel under *Strickland*.

## CONCLUSION

For the foregoing reasons, Hernandez's Motion to Vacate under 28 U.S.C. § 2255 is facially invalid and should be dismissed pursuant to 28 U.S.C. § 2255(f).

In the alternative, this Court should deny Hernandez's Motion to Vacate under 28 U.S.C. § 2255 because Hernandez has failed to: (1) demonstrate an error of constitutional

magnitude because he has not proven ineffective assistance of counsel under *Strickland*; (2) his sentence was imposed outside the statutory guideline range[1]; and (3) no error of law or fact occurred that was so fundamental as to render the entire proceedings invalid. Finally, Hernandez is not entitled to an evidentiary hearing because his Motion is facially insufficient and the evidence on the record rebuts any claims made by Hernandez that would require additional inquiry by this Court.

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY

By:   s/ Roger W. West
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4895
Roger.West@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and mailed copy of the same to:

Jesus Antonio Hernandez, #08996-032
Federal Correctional Institution
P.O. Box 3000
La Tuna, TX  88021
*Pro se Defendant*

s/ Roger W. West
Assistant United States Attorney