UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:04-cr-32-KKC-EBA

UNITED STATES OF AMERICA,                                                               PLAINTIFF,

v.          **MAGISTRATE JUDGE'S REPORT
                AND RECOMMENDATION**

JESUS ANTONIO HERNANDEZ,                                                               DEFENDANT.

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Defendant's Motion to Vacate under 28 U.S.C. § 2255. [R. 440]. In his motion, Defendant makes two claims—one for ineffective assistance of counsel and one for a violation of the principles of due process—that are untimely given that his direct appeal ended in 2007. Defendant separately requests sentencing relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). [Id.]. However, for reasons described below, the Johnson decision and its progeny are inapposite to his case. Consequently, all three of Defendant's claims must fail. As a result, the undersigned recommends that Defendant's motion to vacate be denied.

LAW & ANALYSIS

From the late 1990s to the early 2000s, Defendant led a drug ring that transported substantial amounts of marijuana and money between Arizona and Kentucky. Following his arrest, Defendant ultimately pled guilty in 2005 to engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848 and to conspiring to transport funds and engage in financial transactions in criminally derived property greater than $10,000 in violation of 18 U.S.C. § 1956(h). [R. 235]. The Court sentenced him to 327 months of imprisonment for the CCE

conviction and 240 months of imprisonment for the conspiracy conviction, to run concurrently, followed by five years of supervised release. [R. 312]. His sentence was not enhanced under Chapter 4 of the Sentencing Guidelines. [See, e.g., R. 433 at 27]. The Sixth Circuit affirmed Defendant's convictions and sentences in 2007. See United States v. Hernandez, 213 F. App'x 457 (6th Cir. 2007).

At the outset, the Court must reject Defendant's first two claims as untimely. In his motion, Defendant argues that his sentence and conviction were imposed as a result of his receiving ineffective assistance of counsel. [R. 440 at 1]. Secondly, he argues that his sentence and conviction were imposed in violation of principles of due process because he alleges his conduct was "noncriminal" based on 2008 case law. [Id.]. Putting aside any discussion of the merits of these claims, each of these claims could have been brought—but were not—during the one-year period of limitations afforded federal prisoners under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See 28 U.S.C. § 2255. For Defendant, that one-year period ran from "the date on which [his] judgment of conviction became final," id., which was in early 2007 following his direct appeal. Considering that the instant motion was filed in 2016, Defendant's first two claims are untimely by nearly a decade. Timely claims can also be filed within one year from "the date on which the facts supporting the claims or claims could have been discovered through the exercise of due diligence." 28 U.S.C. §2255(f). But Petitioner does not argue any new facts or newly discovered facts to support his claims.

Petitioner also raises a claim under Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, which was issued in June 2015, the Supreme Court ruled on direct review that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness. Johnson, 135 S. Ct. at 2551. Generally speaking, the ACCA provides a statutory basis

2

for enhancing a defendant's sentence when the defendant is convicted of being a felon in possession of a firearm and is an "armed career criminal," i.e. he or she has committed at least three prior serious drug offenses or violent felonies. The portion of the ACCA under the Supreme Court's review defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year [. . .] that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The residual clause in the ACCA was held to be unconstitutionally vague by Court. Johnson, 135 S. Ct. at 2563.

Unfortunately for Hernandez, Johnson is inapplicable to this case. Defendant argues specifically that the Johnson rationale should be extended to invalidate the phrase "crime of violence" appearing in a portion of the statute under which he was convicted, 18 U.S.C. § 1956. [R. 440 at 12]. That statute, which makes it a crime to launder monetary instruments, states that the term "specified unlawful activity" means " . . . with respect to a financial transaction occurring in whole or in part in the United States, an offense against a foreign nation involving [among other things] murder, kidnapping, robbery, extortion, destruction of property by means of explosive or fire, or *a crime of violence (as defined in section 16*)." 18 U.S.C. § 1956(c)(7)(B)(ii) (emphasis added). Defendant is correct to point out that a crime of violence as it is defined in 18 U.S.C. § 16 is similar to the way it is defined in the residual clause of the ACCA. However, Defendant was convicted under § 1956 for conspiring in a different "specified unlawful activity" that was *not* categorized as a "crime of violence," but rather a drug activity—to wit, his leading a drug ring that distributed substantial quantities of marijuana. [R. 433]. Thus, Defendant lacks standing to advance the argument that § 1956(c)(7)(B)(ii)'s definition of "crime of violence" should be

3

deemed unconstitutional because it had no effect on Defendant's case. See Pola v. United States, 778 F.3d 525, 529 (6th Cir. 2015).  It is also worth noting that the record reflects that Defendant was never designated a "career offender" under the United States Sentencing Guidelines nor sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). [See, e.g., R. 433 at 27].  Therefore, Defendant's motion claiming any form of Johnson relief is meritless.  By the same token, even if Defendant had hoped the Johnson decision would give his stale claims renewed viability, that request would be impossible here.  Therefore, the undersigned recommends that Defendant's motion to vacate be denied.

## CONCLUSION

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Vacate under § 2255, [R. 440], be **DENIED**.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed July 7, 2017.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge