# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### LONDON

**CRIMINAL ACTION NO. 6:04-CR-00032-KKC-EBA**

**UNITED STATES OF AMERICA**                                                       **PLAINTIFF**


**V.    UNITED STATES' RESPONSE OPPOSING SENTENCE REDUCTION**


**JESUS ANTONIO HERNANDEZ**                                                       **DEFENDANT**

*    *    *    *    *    *

The United States opposes the Defendant's Motion for Sentence Reduction based on Part A of Amendment 821 to the Sentencing Guidelines, filed pursuant to 18 U.S.C § 3582(c)(2). [DE 458 – Motion to Reduce Sentence]. In determining whether to grant a defendant's motion made pursuant to 18 U.S.C. § 3582(c)(2), a court should conduct a two-step analysis: first, determining if a defendant is eligible for a sentence reduction consistent with USSG §1B1.10; and second, considering whether any sentence reduction is warranted. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Defendant is not eligible for a sentence reduction because his guideline imprisonment range remains the same following application of Amendment 821.

## FACTUAL BACKGROUND

In 2003, Drug Enforcement Administration ("DEA") agents began investigating a large drug trafficking organization that transported significant amounts of marijuana from Arizona to Kentucky. [PSR ¶ 41]. The organization transported large amounts of marijuana

from Arizona to the Eastern District of Kentucky, then returned money as payment from the Eastern District of Kentucky back to Arizona. [PSR ¶ 41]. From January 1996, until April 19, 2004, Jesus Antonio Hernandez directed other coconspirators to make more than ten trips from Arizona to Kentucky for the purpose of transporting large amounts of marijuana and bulk currency. [PSR ¶ 77]. Overall, approximately 6,818 kilograms of marijuana and more than $1,500,000 laundered is attributed to Hernandez. [PSR ¶ 77].

On March 23, 2005, Hernandez pled guilty to Engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848 (Count 1SSS) and Conspiracy to Transport Funds and to Engage in Financial Transactions in Criminally Derived Property, Greater than $10,000, in violation of 18 U.S.C. § 1956(h) (Count 3SSS). [DE 236 – Plea Agreement]. At the time of sentencing, Hernandez' total criminal score was 6, which included 2 status points. [PSR ¶¶ 117-118]. At total offense level 37 and criminal history category, the guideline imprisonment range was 262 months to 327 months imprisonment. [PSR ¶ 139]. The Defendant was sentenced on August 15, 2005, to a total term of 327 months imprisonment and 5 years supervised release. [DE 312 – Judgment].

## ARGUMENT

For a defendant to be eligible for an 18 U.S.C. § 3582(c)(2) sentence reduction, the Sentencing Commission must have subsequently lowered the sentencing range the defendant's sentence was based upon and application of the new guideline amendment must "lower[] the defendant's applicable guideline range." *United States v. Hameed*, 614 F.3d 259, 260 (6th Cir. 2010) (citations omitted). In Part A of Amendment 821 to the

Sentencing Guidelines, the Sentencing Commission altered the "status points" provision

regarding criminal history. Pursuant to USSG §4A1.1(e),

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents 7 criminal history points or more now receives 1

additional "status" criminal history point, instead of 2, while a person who otherwise

presents 6 criminal history points or fewer receives no status points. On August 24, 2023,

the Commission decreed that these changes apply retroactively.

Consistent with *Hameed*, Hernandez is not eligible for a reduction in sentence as his

applicable guideline range is not lowered by application of retroactive Amendment 821,

but rather remains unchanged. At the time of sentencing, Hernandez received 4 criminal

history points, pursuant to USSG §4A1.1 subsections (a) through (d), and 2 status points.

In applying the amended provision, Hernandez now receives 0 points for status, reducing

his total criminal history score to 4.  Despite having a reduction in his total criminal history

points from 6 to 4, Hernandez remains in criminal history category III; therefore, a sentence

reduction is not permissible by the amendment.

## CONCLUSION

The Defendant is not eligible for sentence-reduction consideration under 18 U.S.C. § 3582(c)(2); therefore; the United States respectfully requests this Honorable Court to deny the Defendant's motion.

Respectfully Submitted,
CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By: s/Brittany Baker_____
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4850
Brittany.Baker2@usdoj.gov

## CERTIFICATE OF SERVICE

On February 5, 2024, I electronically filed the foregoing using the CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record, and I mailed a copy to:

Jesus Antonio Hernandez
Reg. No. 08996-032
FCI Lompoc
Federal Correctional Institution
3600 Guard Road
Lompoc, CA 93436

s/Brittany Baker_____
Assistant United States Attorney