**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 6:04-CR-32-KKC-EBA** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **JESUS ANTONIO HERNANDEZ,** | |
| **Defendant.** | |

Defendant Jesus Hernandez has filed a motion (R. 463) asking the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c), a statute provides for what is commonly referred to as "compassionate release."

The defendant pleaded guilty to two charges: engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 and conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). (DE 312, Judgment). By judgment dated August 11, 2005, the Court sentenced the defendant to 327 months on the criminal-enterprise charge and 240 months on the money-laundering charge to be served concurrently for a total term of 327 months. According to the Bureau of Prison ("BOP"), he is scheduled to be released on February 5, 2032. With this motion, he asks the Court to reduce his prison term to 20 years, which was his mandatory minimum sentence.

Under 18 U.S.C. § 3582(c), either the Director of the Bureau of Prison or the defendant may move for a reduction in a defendant's term of imprisonment. A defendant may make his own motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit

has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. Here, the government concedes that Hernandez has met the mandatory condition. Accordingly, the Court may consider his motion.

The compassionate release statute permits the Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Herandez previously moved for compassionate release under a provision of the statute that permits the Court to reduce a prison term if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C.A. § 3582(c)(2). For this motion, Hernandez relied on Amendment 782, which reduced by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The Court denied the motion, finding that the amendment did not reduce Hernandez's offense level below his minimum offense level of 38 for the criminal enterprise charge. (R. 425.) That decision was affirmed by the Sixth Circuit Court of Appeals. (R. 437.)

With his current motion, Hernandez continues to argue for a reduction under Amendment 782. For the reasons stated in the opinions by this Court and the Sixth Circuit, the Court rejects that argument.

Hernandez also cites a provision of the compassionate release statute which allows the Court to reduce a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

Hernandez asserts that extraordinary and compelling circumstances exist here because his sentence is unusually long. He cites a section of the applicable policy statement that provides that the following constitutes "extraordinary and compelling circumstances":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. 1B1.13(b)(6).

The Sixth Circuit Court of Appeals, however, has now held that this provision of the policy statement is not valid. *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025). Thus, the Court cannot consider it.

Hernandez also cites a provision of the policy statement that provides that "extraordinary and compelling circumstances" include any other circumstance or combination of circumstances that "are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. 1B1.13(5). The circumstances described in paragraphs (1) through (4) deal with (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant, and (4) abuse of the defendant while in custody.

Hernandez seems to argue that the "changing marijuana landscape" is a circumstance similar in gravity to those set forth in paragraph (1) through (4). He points out that his crimes involved directing the transportation of large amounts of marijuana (more than 3,000 kilograms but less than 10,000 kilograms) and money received for the sale of it. He argues that the Department of Justice now generally declines to enforce federal marijuana prohibitions in the states that have legalized the drug. Further, he points out that the DOJ

has initiated proposals to reschedule marijuana from a Schedule I to a Schedule III drug. Finally, he argues that 327 months is an unusually long sentence, citing statistics indicating that the national average sentence for marijuana trafficking offenders in 2017 and 2018 was 27-29 months.

Hernandez cites no case law indicating that the changing marijuana landscape constitutes extraordinary and compelling circumstances for purposes of compassionate release. Further, the conduct for which he was convicted remains an offense under 21 U.S.C. § 848. There has been no change in that statute or federal marijuana laws that would render his conduct legal. Finally, Hernandez does not provide information indicating that the crimes resulting in the 27–29-month average sentences for marijuana trafficking were comparable to the crime for which he was convicted.

For all these reasons, the Court HEREBY ORDERS that Hernandez's motion for compassionate release (R. 463) is DENIED. The Court further hereby ORDERS that Herandez's motion for appointment of counsel (R. 466) is DENIED, his motion not having raised complex issues that require the assistance of counsel.

This 6th day of May, 2026.

Signed By:

_Karen K. Caldwell_

United States District Judge